UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DIANA RUMSTAY, | : | |
| | : | |
| Plaintiff, | : | Case No.: |
| | : | |
| vs. | : | |
| | : | |
| PETCO ANIMAL SUPPLIES STORES, INC., | : | |
| | : | |
| Defendant. | : | August 7, 2017 |

Jury Trial Demanded

## COMPLAINT

Plaintiff, Diana Rumstay, by and through her attorneys, Sabatini and Associates, LLC, complaining of the defendant, Petco Animal Supplies Stores, Inc., respectfully alleges:

## PARTIES

1. Plaintiff, Diana Rumstay, is a citizen and resident of the State of Connecticut.

2. Defendant, Petco Animal Supplies Stores, Inc., was and is a corporation organized and existing under the laws of the State of Delaware with a principal place of business located at 10850 Via Frontera, San Diego, California 92127.

3. At all times material, plaintiff was an employee within the meaning of the ADA Amendments Act of 2008 (ADAAA).

4. At all times material, defendant was an employer within the meaning of the ADAAA.

5. At all times material, plaintiff was an employee within the meaning of the Connecticut Fair Employment Practices Act (CFEPA) C.G.S. §46a-60(a) *et seq.*

6. At all times material, defendant was and employer within the meaning of the

Connecticut Fair Employment Practices Act (CFEPA) C.G.S. §46a-60(a) *et seq.*

7. At all times material, plaintiff was an eligible employee as that term is defined by the Family and Medical Leave Act of 1993 (FMLA).

8. At all times material, defendant employed fifty (50) or more employees at plaintiff's former worksite for twenty or more weeks in 2015 and 2016 in an industry affecting interstate commerce. Accordingly, defendant is an employer covered by the FMLA.

## JURISDICTION AND VENUE

9. The Court has jurisdiction pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343 and this action is brought pursuant to: The Americans with Disabilities Act Amendments Act of 2008, cited as 42 U.S.C. §12101.

10. This Court has personal jurisdiction over the Parties and venue is proper under 28 U.S.C. §1391(b) in that a substantial part of the events or omissions giving rise to the claim occurred in the State of Connecticut.

11. The Court has pendent jurisdiction over the state law claims.

## GENERAL ALLEGATIONS

12. Defendant employed plaintiff.

13. Defendant owns and operates PETCO stores throughout the United States including in the State of Connecticut.

14. Defendant hired plaintiff in 2003.

15. Plaintiff's most recent job position was cashier.

16. Plaintiff has a disability. Specifically, she suffered from a fractured vertebrae.

17. In or about December 2015, plaintiff injured her back.

18. The back injury included a compression fracture of L1.

19. The compression fracture was symptomatic. Specifically, the injury produced pain.

20. Plaintiff wore a lumbosacral brace because of the compression fracture.

21. Plaintiff taken out of work because of the compression fracture. Specifically, plaintiff was placed on a leave of absence for several months.

22. The lumbar compression fracture significantly impaired plaintiff's ability to lift and/or work.

23. The compression fracture produced effects of an impairment that were sufficiently severe within a less than six (6) month time period.

24. Because of the back injury, plaintiff took a medical leave of absence.

25. The medical leave of absence was a reasonable accommodation.

26. The medical leave of absence was also protected under the FMLA.

27. Plaintiff provided defendant with an expected return to work date.

28. Plaintiff notified defendant that she was medically released to return to work on March 30, 2016.

29. Plaintiff provided defendant with a doctor's note dated March 16, 2016 that medically released her to return to work on March 30.

30. Plaintiff personally hand delivered the March 16 doctor's note to management at the Newington Petco store where plaintiff worked.

31. Defendant sent a letter dated April 23, 2016 to plaintiff.

32. In the April 23, 2016, defendant claimed that plaintiff had not been in contact with Respondent.

33. In the April 23 letter, defendant set a deadline of May 2 to return a completed "medical release form".

34. Plaintiff only received the "medical release form" via the April 23 letter.

35. Plaintiff had the "medical release form" completed by her doctor.

36. Plaintiff delivered the "medical release form" back to the defendant.

37. Defendant terminated plaintiff was on May 2, 2016.

38. Plaintiff was qualified for the job.

39. Plaintiff can perform the essential functions of her job with or without a reasonable accommodation.

40. On or about October 5, 2016, plaintiff filed a complaint against defendant with the State of Connecticut Commission on Human Rights and Opportunities (CHRO).

41. On or about October 5, 2016, plaintiff filed a complaint against defendant with the Equal Employment Opportunity Commission (EEOC).

42. On or about May 15, 2017, plaintiff received a Release of Jurisdiction from the CHRO (copy attached hereto as Ex.1).

43. On or about August 2, 2017 plaintiff received a right to sue letter from the EEOC. (copy attached hereto as Ex.2).

## FIRST COUNT
## ((Disability Discrimination in Violation of the ADAAA)

1. Plaintiff repeats the allegations in paragraphs 1 through 43 above as if fully incorporated herein.

44. Defendant's actions violate The Americans with Disabilities Act Amendments Act of 2008, which prohibits discrimination on the basis of disability.

45. Defendant, by and through its agents and/or employees, violated the Americans With Disabilities Act, in one or more of the following ways:

(a) In that defendant interfered with plaintiff's privilege of employment on the basis of plaintiff's disability;

(b) In that defendant discriminated against the plaintiff in such a way that it adversely affected her status as an employee;

(c) In that defendant terminated plaintiff's employment;

(d) In that defendant treated the plaintiff adversely different from similarly situated employees;

(e) In that defendant discriminated against the plaintiff for requiring a reasonable accommodation; and

(f) In that defendant intentionally discriminated against the plaintiff.

46. As a direct and proximate result of defendant's unequal treatment and discrimination, plaintiff has been deprived of her employment and equal employment opportunities because of her disability.

47. As a further direct and proximate result of defendant's discrimination of the plaintiff, plaintiff has been deprived of income, wages, and benefits.

48. As a further result of defendant's termination and discrimination of the plaintiff,

plaintiff has suffered emotional pain, suffering, embarrassment, shame, inconvenience, mental anguish, loss of enjoyment of life, impairment of her personal and professional reputation, damage caused by the Plaintiff's loss of insurances and savings and investment opportunities, and other pecuniary and non-pecuniary losses.

49. Plaintiff has suffered and will continue to suffer injuries and losses as a result of defendant's wrongful and discriminatory acts.

50. Defendant exhibited ill will, malice, improper motive and/or reckless indifference to the plaintiff's civil rights by terminating her employment on the basis of her disability.

## SECOND COUNT
### (Disability Discrimination in Violation of C.G.S. §46a-60(a)(1))

1. Plaintiff repeats the allegations in paragraphs 1 through 50 above as if fully incorporated herein.

51. Defendant, by and through its agents, servants, and/or employees, violated the Connecticut Fair Employment Practices Act C.G.S. §46a-60a *et seq.* in one or more of the following ways.

(a) In that defendant interfered with plaintiff's privilege of employment on the basis of plaintiff's disability;

(b) In that defendant discriminated against the plaintiff in such a way that adversely affected her status as an employee;

(c) In that defendant treated the plaintiff adversely different from similarly situated employees;

(d) In that defendant terminated plaintiff's employment on account of her disability;

(e) In that defendant intentionally discriminated against the plaintiff;

(f) In that defendant discriminated against the plaintiff for requiring a reasonable

accommodation

52. As a direct and proximate result of defendant's unequal treatment and discrimination, plaintiff has been deprived of her employment and equal employment opportunities because of her disability.

53. As a direct and proximate result of defendant's discrimination of the plaintiff, plaintiff has been deprived of income, wages, and benefits.

54. As a further result of defendant's termination and discrimination of the plaintiff, plaintiff has suffered emotional pain, suffering, embarrassment, shame, inconvenience, mental anguish, loss of enjoyment of life, impairment of her personal and professional reputation, damage caused by the Plaintiff's loss of insurances and savings and investment opportunities, and other pecuniary and non-pecuniary losses.

55. Plaintiff has suffered and will continue to suffer injuries and losses as a result of defendant's wrongful and discriminatory acts.

## THIRD COUNT
**(Failure to Provide Reasonable Accommodation in Violation of the ADA Amendments Act of 2008)**

1. Plaintiff repeats and re-alleges the allegations set forth above in Paragraphs 1 through 55 as though fully set forth herein.

56. Defendant, by and through its agents, servants, and/or employees, violated the ADA Amendments Act of 2008 in one or more of the following ways.

   (a) In that defendant failed to provide the plaintiff with a reasonable accommodation;

   (b) In that defendant denied the plaintiff a reasonable accommodation;

   (c) In that defendant failed to initiate an interactive reasonable accommodation process with the plaintiff;

(d)     In that defendant failed to engage in an interactive reasonable accommodation process with the plaintiff.

57.    As a direct and proximate result of defendant's reasonable accommodation denial, plaintiff has been deprived of work and equal employment opportunities because of her disability.

58.    As a further direct and proximate result of defendant's failure to accommodate, plaintiff has been deprived of income and wages, and has been deprived of access of certain benefits to which she was entitled under defendant's employee benefits plan, and interest.

59.    As a further result of defendant's failure to accommodate, plaintiff has suffered emotional pain, suffering, embarrassment, shame, inconvenience, mental anguish, loss of enjoyment of life, impairment of her personal and professional reputation, damage caused by the Plaintiff's loss of insurances and savings and investment opportunities, and other pecuniary and non-pecuniary losses.

60.    Plaintiff has suffered and will continue to suffer injuries and losses as a result of defendant's wrongful and discriminatory acts.

61.    The defendant exhibited ill will, malice, improper motive and/or reckless indifference to the plaintiff's civil rights.

## FOURTH COUNT
### (Failure to Accommodate in Violation of C.G.S. §46a-60(a)(1))

1.     Plaintiff repeats and re-alleges the allegations set forth above in Paragraphs 1 through 61 as though fully set forth herein.

62.    Defendant, by and through its agents, servants, and/or employees, violated the Connecticut Fair Employment Practices Act C.G.S. §46a-60a *et seq.* in one or more of the following ways:

8

 (a) In that defendant failed to provide the plaintiff with a reasonable accommodation;

 (b) In that defendant denied the plaintiff a reasonable accommodation;

 (c) In that defendant failed to initiate an interactive reasonable accommodation process with the plaintiff;

 (d) In that defendant failed to engage in an interactive reasonable accommodation process with the plaintiff.

 63. As a direct and proximate result of defendant's failure to accommodate, and termination, plaintiff has been deprived of work and equal employment opportunities because of his disability.

 64. As a further direct and proximate result of defendant's discrimination of the plaintiff, plaintiff has been deprived of income and wages, and has been deprived of access of certain benefits to which she was entitled under defendant's employee benefits plan, and interest.

 65. As a further result of defendant's failure to accommodate, plaintiff has suffered emotional pain, suffering, embarrassment, shame, inconvenience, mental anguish, loss of enjoyment of life, impairment of her personal and professional reputation, damage caused by the Plaintiff's loss of insurances and savings and investment opportunities, and other pecuniary and non-pecuniary losses.

 66. Plaintiff has suffered and will continue to suffer injuries and losses as a result of defendant's wrongful and discriminatory acts.

## **FIFTH COUNT**
### (Retaliation in Violation of the ADA)

 1. Plaintiff repeats and re-alleges the allegations set forth above in Paragraphs 1 through 66 as though fully set forth herein.

67. Defendant, by and through its agents, servants, and/or employees, violated the ADA in one or more of the following ways.

   a. In that defendant retaliated against the plaintiff for requesting a reasonable accommodation.

68. As a result of defendant's retaliation, plaintiff suffered damages including: loss of income, wages and employee benefits, and harm to her professional reputation.

69. As a further result of defendant's retaliation, plaintiff has suffered emotional pain, suffering, embarrassment, shame, inconvenience, mental anguish, loss of enjoyment of life, impairment of her personal and professional reputation, damage caused by the Plaintiff's loss of insurances and savings and investment opportunities, and other pecuniary and non-pecuniary losses.

70. Plaintiff has suffered and will continue to suffer injuries as a result of defendant's retaliatory acts.

71. Defendant exhibited ill will, malice, improper motive, and/or reckless indifference to the plaintiff's civil rights by retaliating against her.

## SIXTH COUNT
**(Retaliation In Violation of Connecticut Fair Employment Practices Act C.G.S. §46a-60(a)(1))**

1. Plaintiff repeats and re-alleges the allegations set forth above as though fully set forth herein.

72. Defendant, by and through its agents, servants, and/or employees, violated the Connecticut Fair Employment Practices Act C.G.S. §46a-609(a)(1) *et seq.* in one or more of the following ways.

   a. In that defendant retaliated against the plaintiff for requesting a reasonable

accommodation.

73. As a result of defendant's violation of Connecticut Fair Employment Practices Act C.G.S. §46a-60(a)(4), plaintiff suffered damages including: loss of employment, loss of income and wages and benefits, and harm to his professional reputation.

74. As a further result of defendant's retaliatory conduct, plaintiff has suffered emotional pain, suffering, embarrassment, shame, inconvenience, mental anguish, loss of enjoyment of life, impairment of her personal and professional reputation, damage caused by the Plaintiff's loss of insurances and savings and investment opportunities, and other pecuniary and non-pecuniary losses.

75. Plaintiff has suffered and will continue to suffer injuries as a result of defendant's wrongful and retaliatory acts.

## SEVENTH COUNT
### (Interference with the Exercise of Rights under the FMLA)

1. Plaintiff repeats and re-alleges the allegations set forth above as though fully set forth herein.

76. Plaintiff suffered from a medical condition that constituted a serious health condition as that term is defined by the FMLA.

77. Defendant, by and through its agents and/or employees, interfered with and violated plaintiff's rights under the FMLA in one or more of the following ways:

(a) by terminating the plaintiff's employment;

(b) by denying plaintiff's FMLA rights;

(c) by failing to notify plaintiff of her FMLA rights; and

(d) by failing to designate her absences as being FMLA protected.

11

78. As a direct and proximate result of defendant's wrongful acts and/or omissions, plaintiff suffered and sustained damages, including but not limited to: lost wages, lost employee and/or retirement benefits, and other expenses and financial losses that would not otherwise have been incurred.

79. Some or all of defendant's actions have been willful.

## EIGHTH COUNT
### (FMLA Discrimination/Retaliation)

1. Plaintiff repeats and re-alleges the allegations set forth above as though fully set forth herein.

80. Plaintiff invoked her right to FMLA-qualifying leave.

81. Defendant, by and through its agents, retaliated against the plaintiff for the exercise or attempted exercise of his rights under the FMLA in one or more of the following ways:

(a) by terminating plaintiff's employment.

82. As a direct and proximate result of defendant's retaliation, plaintiff suffered and sustained damages, including but not limited to: lost wages, lost employee benefits, and other expenses and financial losses that would not otherwise have been incurred.

83. Some or all of defendant's actions have been willful.

## DEMAND FOR RELIEF

WHEREFORE, plaintiff prays for appropriate damages including: compensatory damages; damages for back pay, front pay, bonuses, personal days, lost pension/employee/retirement benefits, consequential damages, emotional distress; punitive damages; reasonable attorneys' fees; costs; interest; job reinstatement; liquidated damages; prejudgment interest; for an injunction requiring the removal of any and all adverse information contained in plaintiff's personnel file; for a trial by jury; and for all other just and proper relief.

Dated: August 7, 2017

James V. Sabatini, Esq. ct19899
SABATINI AND ASSOCIATES, LLC
1 Market Square
Newington, CT 06111
Tel. No.: (860) 667-0839
Fax No.: (860) 667-0867
Email: jsabatini@sabatinilaw.com

ATTORNEY FOR PLAINTIFF

# EXHIBIT 1

## STATE OF CONNECTICUT
## COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES



Diana Rumstay
**COMPLAINANT**
v.

CHRO No. 1710171
EEOC No. 16A-2017-00093

PETCO Animal Supplies Stores
**RESPONDENT**

### RELEASE OF JURISDICTION

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint. The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred, in which the Complainant resides or in which the Respondent transacts business. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action brought in accordance with this release must be served on the Commission by email at ROJ@ct.gov or by regular U.S. mail at 450 Columbus Blvd. – Suite 2, Hartford, CT 06103 at the same time all other parties are served. Service by email is preferred. **THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.**

The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.

**DATE:**   May 15, 2017

Tanya A. Hughes, Executive Director

cc: James V. Sabatini, Esq., via email: jsabatini@sabatinilaw.com
Deanne Alaniz, Employee Relations Specialist, via email: deanne.alaniz@petco.com
Diana Rumstay, via email: dianerumstay@comcast.net

# EXHIBIT 2

EEOC Form 161-B (11/16)    **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: Diana Rumstay  
936 Elms Comons, Apt. 403  
Rocky Hill, CT 06067

From: Boston Area Office  
John F. Kennedy Fed Bldg  
Government Ctr, Room 475  
Boston, MA 02203

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16A-2017-00093 | Amon L. Kinsey, Jr., Intake Supervisor | (617) 565-3189 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Kenneth An*

Feng K. An,  
Area Office Director

AUG 0 2 2017  
(Date Mailed)

Enclosures(s)

cc:  
PETCO ANIMAL SUPPLIES STORES  
9125 Rocho Road  
San Diego, CA 92121

James V. Sabatini, Esq.  
SABATINI AND ASSOCIATES, LLC  
One Market Square  
Newington, CT 06111